MARION E. ROBERTSON V. THOMAS E. HAMILTON.

FILED MAY 22, 1901. No. 9,593.

1. **Review: Exception: Waiver.** Where no exception is taken to the ruling of the trial court in sustaining a demurrer to a petition, and a request is made and leave given to file an amended petition, the ruling of the court on the demurrer can not be reviewed on error proceeding in this court.

2. **Appeal: Trial Above: Same Issues: New Matter: Payment.** On an appeal to the district court of a case tried before a justice of the peace the cause must be tried on the same issues as were tried in the lower court, except as to new matter arising after the first trial, such as payment, etc. *Halbert v. Rosenbalm*, 49 Nebr., 498.

ERROR from the district court for York county. Tried below before SEDGWICK, J. *Affirmed.*

*George B. France* and *T. E. Bennett*, for plaintiff in error.

*George F. Corcoran* and *F. C. Power, contra.*

HOLCOMB, J.

Before a justice of the peace, the plaintiff in error began an action to recover of the defendant, who was an official court reporter of the judicial district in which York county is situated, the sum of $27.76 alleged to be due by reason of an overcharge of that amount for a transcript of the evidence taken in a certain case, which case the plaintiff was desirous of having appealed to the supreme court, such transcript being prepared and furnished the plaintiff by the court reporter at his request. In the bill of particulars it is alleged: "That the defendant demanded of the plaintiff the payment at five cents per hundred words for 148,000 when in fact and in truth the number of words in said transcript was 92,489, and by mistake of fact as to the number of words the plaintiff paid to the defendant the sum of $27.76 too much." On appeal to the district court from a judgment in favor of

the plaintiff, a petition, stating or attempting to state substantially the same cause of action as in the bill of particulars filed in the case before the justice of the peace, was demurred to, the demurrer, upon consideration, being sustained by the trial court. No exception to the ruling sustaining the demurrer was taken; but, on the contrary, the record discloses that, "on request of plaintiff, he is allowed to file an amended petition within thirty days." We are now asked to review the ruling sustaining the demurrer. This we can not do. No exception thereto being taken, and the plaintiff requesting leave to file an amended petition, he has waived the error, if any there be, in the ruling referred to. *Abbott v. Barton,* 47 Nebr., 822. An amended petition was filed, which on motion was stricken from the files, because declaring upon a different cause of action than that stated in the bill of particulars on which the action was tried before the justice of the peace. The plaintiff refusing to plead further, the action was dismissed at his cost. This ruling was correct. The amended petition clearly stated a different cause of action than that tried by the justice. In the petition last filed the recovery was founded on an alleged verbal agreement or contract entered into by the parties at the time the transcript of the evidence was requested by the plaintiff; while in the bill of particulars no agreement was in anywise mentioned, pleaded or set forth as the foundation for the right of recovery. The action there was based on the statute, fixing the fees which a court reporter may legally charge and receive for the service rendered in preparing a transcript of the evidence in long hand.

Whatever may be the merits or demerits of the cause of action stated in the bill of particulars and the petition first filed in the district court, the amended petition obviously presented an entirely different and new cause of action. The rule is well settled, that on appeal to the district court of a case tried before an inferior court the cause must be tried on the same issues as were tried in

the lower court, except as to new matter arising after the first trial, such as payment, etc. *Halbert v. Rosenbalm*, 49 Nebr., 498.

The record appears free from errors, and the judgment of dismissal is accordingly

AFFIRMED.